## CRITTENDEN v. STEELE.

S. gave J. a letter of credit on C. for paper, in which he promised as follows: " If you will fill his order I will be responsible ;" held that this was an original undertaking, and a failure to aver demand and notice in the petition is not good ground for a general demurrer.

Under the Code formal defects are not demurrable, and substantial defects should be demurred to specially.

APPEAL *from Van Buren District Court.*

*Opinion by* KINNEY, J.   Suit brought against Steele on the following letter of credit:

KEOSAUQUA, September 25, 1850.

MR. H. CRITTENDEN—*Dear Sir :*   Mr. O. E. Jones wishes to purchase some paper on short time.   If you will fill his order I will be responsible.          WILLIAM STEELE.

Refer to Tevis Scott & Tevis, or W. B. Cox.

The plaintiff claims in his petition one hundred and fifty dollars, and states as the cause of said claim, that the defendant executed the above letter of credit directed to the petitioner and delivered the same to said Jones, who delivered the same to the plaintiff upon which he delivered to said Jones the paper as set forth in the petition, amounting to ninety-six dollars and sixty-three cents, on sixty days time.   To this petition the defendant filed a general demurrer, also an answer.   For answer, he states that he is not indebted to the plaintiff in any sum.   That he had no notice that said plaintiff credited said Jones at all, and that said Jones was solvent and able to pay said note when the same became due, but afterwards became insolvent, and that he has since become worthless and left the country.

It appears from the record that the cause was tried upon the demurrer to the plaintiff's petition and the demurrer sustained.   This was error.   The petition showed *prima facie* a right of action.   The undertaking of Steele was

original, and not collateral, and hence demand upon Jones and notice to Steele were unnecessary, and if unnecessary, such demand and notice need not be averred in the petition. But if it were necessary to aver demand and notice in order to charge Steele, the absence of such averment could not be regarded as sufficient to justify the court in sustaining a general demurrer. The petition would then be substantially defective, and could only be reached by special demurrer setting forth the true grounds of objection. § 1754, Code. Demurrers for formal defects are abolished, and demurrers for substantial ones must point them out with reasonable clearness, so as to enable the opposite party to amend in the event that the demurrer is sustained. Judgment of the court sustaining the demurrer reversed, and cause remanded for trial.

*A. Hall*, for appellant.

*J. C. Knapp*, for appellee.